UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason M. Weldon, # 310039,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>April Wolfe; Andrew Brown; Corporal J. Chandler;<br>Corporal James R. Lachance; Individually and in their<br>official capacities,<br><br>　　　　　　　　　Defendants. | C/A No. 5:10-2409-DCN-BM<br><br><br>Report and Recommendation |

This is a civil action filed *pro se* by a state prison inmate. Plaintiff is currently incarcerated at the Allendale Correctional Institution, part of the South Carolina Department of Corrections prison system, serving a sentence for a felony DUI conviction entered on a guilty plea in Orangeburg County in 2005.

In the Complaint filed in this case, Plaintiff claims that he is wrongfully incarcerated and seeks damages arising from that incarceration from a nurse, two state troopers, and a private attorney, all of whom were involved with obtaining, storing, and presenting blood-alcohol evidence for use in the Orangeburg County criminal prosecution against Plaintiff. He alleges that the state troopers, aided by a nurse and his own defense attorney, were grossly negligent and mishandled crucial evidence (a blood sample), and that his own attorney was also grossly negligent when he allowed that evidence to be used against Plaintiff and otherwise failed to properly represent him in the criminal case. In addition to his request for damages, Plaintiff also asks that the Defendants "lose their credential's and their jobs" and that he be released from prison. (Entry 1, Compl. 5).[1]

---



[1]A review of this Court's records discloses that Plaintiff has a petition for writ of habeas corpus directed to the felony DUI conviction pending before this Court. *Weldon v. Pate*, Civil



Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Even when considered under this less stringent standard, however, the undersigned finds that Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff's Complaint is subject to summary dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983[2] such as the present one alleging

---

Action No. 9:10-1400-DCN-BM. This Court may take judicial notice of Civil Action No. 9:10-1400-DCN-BM. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v.*

2



constitutional violations and/or other material improprieties in connection with state criminal charges, the Court stated in *Heck*::

> We hold that, in order to recover damages [or other relief][3] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

Pursuant to this ruling, until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred if a successful result for the plaintiff in the civil rights action would invalidate the outcome of the criminal case. As stated above, Plaintiff has an initial § 2254 petition currently pending in this Court in which some of the same allegations of unconstitutionality made in the Complaint filed in this case are made. Thus, it is clear that Plaintiff has not yet been successful in having his Orangeburg County conviction set aside by way of appeal, PCR, habeas corpus, or otherwise. Because Plaintiff's allegations of use of improperly obtained and maintained blood-alcohol-test evidence against him to influence his guilty plea, if true, would necessarily

---

*Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[3]*See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

3



invalidate his conviction, he cannot sue any of the Defendants based on their involvement with the blood evidence used in his prosecution and ultimate conviction. As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

### Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October 5, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

